IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV291-03-MU

| | |
|---|---|
| JIMMY LEE HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| SCOTT HUSKIN et. al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 3, 2009. (Document No. 1.)

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at Avery Mitchell Correctional Institution.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, Plaintiff checked the box on his form Complaint indicating that he has exhausted his administrative remedies. However, Plainitff wrote in an explanatory note indicating that he received a response to step one of the grievance process on July 7, 2009. (Complaint at 2.) He also included a cover letter with his Complaint which stated that "the only document that's not in here is the step 3 respond (soc). That will come from the grievance commission in Raleigh, N.C. soon as I get that I will send it . . . ." (Cover letter to Complaint. )Therefore, it is clear from the face of Plaintiff's Complaint and from his cover letter that accompanied his Complaint that he has not exhausted his administrative remedies prior to filing suit. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's Complaint that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint.

**SO ORDERED.**

Signed: August 4, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge